UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EPIFANIO SANTIAGO,

                                       Plaintiff,

                     -v-

COMMISSIONER JOSEPH PONTE and CAPTAIN
FRANCES,

                                  Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/26/16

14 Civ. 6473 (PAE) (JCF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Epifanio Santiago brings this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when defendant Francis-Allahar refused to honor his medical permit for a second mattress and ordered that mattress removed from his prison cell. Defendants moved for summary judgment. Before the Court is the February 18, 2016 Report and Recommendation of the Hon. James C. Francis, United States Magistrate Judge, recommending that the motion be granted. Dkt. 32 ("Report"). For the following reasons, the Court adopts the Report in full.

I.    **Background**

The Court incorporates by reference the summary of the facts provided in the Report, to which no party objects. *See* Report at 1–2.

On August 13, 2014, Santiago filed the Complaint. Dkt. 1. On January 2, 2015, defendants answered. Dkt. 11. On January 5, 2015, the case was referred to Judge Francis for

general pretrial supervision and for a report and recommendation.[1] Dkt. 13. On September 30, 2015, following discovery, defendants moved for summary judgment. See Dkts. 23–27. On October 5, 2015, Santiago filed an affidavit in opposition. Dkt. 28. On November 13, 2015, defendants filed a reply brief. Dkt. 29. On December 1, 2015, Santiago filed a letter notifying Judge Francis that he stood by his opposition. Dkt. 31. On February 18, 2016, Judge Francis issued the Report, recommending that the Court grant defendants' motion for summary judgment. The deadline for the parties to file objections to the Report was March 7, 2016. See Dkt. 32. To date, no objections have been filed.

## II.  Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); see also, e.g., *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As neither party has submitted objections to the Report, review for clear error is appropriate. Because the Report explicitly states that "[f]ailure to file timely objections will preclude appellate review," Report at 9, both parties' failure to object operates as a waiver of

---

[1] Additionally, on March 5, 2015, Santiago filed a form consenting to Judge Francis's jurisdiction for all purposes. Dkt. 16. It appears that defendants never co-signed this form.

2

appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

Careful review of Judge Francis's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.

The Court adds the following: Although Judge Francis assumed *arguendo* that Santiago's medical condition was sufficiently serious to meet the objective element of his conditions-of-confinement claim, *see* Report at 6, there is undisputed evidence that, at the time Francis-Allahar refused to recognize Santiago's medical permit for a second mattress, in June 2013, the precipitating medical problem dating from August 2012 was all but resolved. *See* Dkt. 24, Ex. A ("Santiago Dep."), at 82 (testifying he was "okay" by fall 2012); *id.* at 101 ("[I] still had a little pain here and there"). Thus, while Santiago's medical permit was to last a full year, *i.e.*, until August 2013, there is no evidence that removing the second mattress posed a serious risk to Santiago's health and safety.

## CONCLUSION

For these reasons, the Court grants defendants' motion for summary judgment.

The Clerk of Court is directed to close this case, and to mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Dated: July 26, 2016
         New York, New York

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - :
EPIFANIO SANTIAGO,                 :   14 Civ. 6473 (PAE) (JCF)
                                   :
                 Plaintiff,        :        REPORT AND
                                   :      RECOMMENDATION
       - against -                 :
                                   :
COMMISSIONER OF NEW YORK CITY      :
CORRECTIONS JOSEPH PONTE and       :
CAPTAIN FRANCIS,                   :
                                   :
                 Defendants.       :
- - - - - - - - - - - - - - - - - :
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/16

TO THE HONORABLE PAUL A. ENGELMAYER, U.S.D.J.:

Epifanio Santiago is a former inmate at the George Motchan Detention Center ("GMDC") on Rikers Island. He brings this action pro se under 42 U.S.C. § 1983 against Commissioner Joseph Ponte of the New York City Department of Correction ("DOC"), and DOC Captain Marline Francis-Allahar, claiming that Captain Francis-Allahar's refusal to honor his medical permit for a second mattress violated his constitutional rights under the Eighth Amendment. The defendants now move for summary judgement pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that the motion be granted.

Background

Mr. Santiago was an inmate at Rikers Island from August 2012 through October 2013. (Defendants' Local Rule 56.1 Statement of Material Facts Not in Dispute dated August 31, 2015 ("Def. 56.1 St."), ¶ 1). On August 7, 2012, while housed at GMDC, he sustained an injury to his ribs. (Def. 56.1 St., ¶¶ 2,7). That same day, Mr. Santiago was treated by a physician's assistant ("PA"), Donald McGibbon. (Def. 56.1 St., ¶ 11). PA McGibbon prescribed ibuprofen

1

and muscle relaxers for the pain, and provided him with a medical permit for a second mattress. (Def. 56.1 St., ¶¶ 17-18). On June 26, 2013, Captain Francis-Allahar directed that the plaintiff's second mattress be removed, telling him that DOC does not honor permits for multiple mattresses. (Def. 56.1 St., ¶¶ 35, 39).

Mr. Santiago seeks compensation of $500,000 for the "negligence of the department for not honoring medical orders . . . and as a results [sic] of sleepless night [sic] as well as being in pain." (Complaint, § V). The defendants move for summary judgment on the grounds that Mr. Santiago's injury was not sufficiently serious to serve as the basis for a constitutional claim, that Captain Francis-Allahar was unaware that removing the second mattress posed any risk to Mr. Santiago's health or safety, and that Commissioner Ponte was not personally involved in the conduct at issue. (Memorandum of Law in Support of Defendants' Motion for Summary Judgment at 9-16).

Discussion

   A.   Standard of Review for a Motion for Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, a court will grant summary judgment if "the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-286 (2d Cir. 2002). The moving party bears the initial burden of identifying "the absence of a genuine issue of material fact." Celotex, 477 U.S. at

2

323. The opposing party then must cite specific parts of the record, such as depositions, documents, affidavits or declarations, and admissions, to demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(c); see also Celotex, 477 U.S. at 324. Only facts that could affect the outcome of the suit under the governing substantive law are deemed "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69 (2d Cir. 2001). Additionally, the court's review of the record is limited to facts that would be admissible at trial. See Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997). Where the non-moving party fails to make "a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted. Celotex, 477 U.S. at 322.

In assessing the record to determine whether there is a genuine issue of material fact for trial, the court must view all facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."); accord Holcomb v. Iona College, 521 F.3d 130, 132 (2d Cir. 2008). Nonetheless, the court must inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," and may grant summary judgment where the non-movant's evidence is "merely colorable" or not significantly probative. Anderson, 477 U.S. at 249-50 (internal

3

citations omitted). In opposing a motion for summary judgment, a party "may not rely on mere speculation or conjecture as to the true nature of the facts", as "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (alteration in original) (quoting Fletcher v. Atex, 68 F.3d 1451, 1456 (2d Cir. 1995)); see also Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). However, "[a]ssessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005) (quoting Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996)).

In the instant case, I am mindful that Mr. Santiago is a pro se litigant whose submissions must be construed to "raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 471 (2d Cir. 2006) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)). Nevertheless, this liberality "does not relieve [the] plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003) (quoting Jorgenson v. Epic/Sony Records, No. 00 Civ. 9181, 2002 WL 31119377, at *2 (S.D.N.Y. Sept. 24, 2002)).

4

B.  Liability

    1.  Conditions-of-Confinement Claim

It is well-established that in order to state a valid conditions-of-confinement claim, a plaintiff must satisfy a two-part test by demonstrating that: (1) objectively, the deprivation he suffered denied him "the minimal civilized measure of life's necessities," and (2) subjectively, the defendants acted with "deliberate indifference," Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337-347 (1981)), in that they "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety," Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

More recently, in Walker v. Schult, 717 F.3d 119 (2d Cir. 2013), the Second Circuit overturned a district court's dismissal of a prisoner's conditions-of-confinement claim based in part on the condition of the prisoners' mattress. In doing so, the court held that the adequacy of a mattress may, alone or in combination with other factors, constitute a condition that satisfies the objective prong of the conditions-of-confinement test if it causes or threatens to cause sufficiently serious harm. Id. at 126-27.

Specifically, to meet the required standard, a plaintiff must plead: (1) he had a medical condition requiring a non-standard bed to protect against serious damage to his future health; (2) he made his condition known to the prison officials; (3) he requested a non-standard bed to accommodate the condition; and (4) his request was denied by an official who knew of and disregarded an excessive

5

risk to the plaintiff's health or safety. See, e.g., Youmans v. Schriro, No. 12 Civ. 3690, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013).

In this case, even if Mr. Santiago's medical condition were sufficiently serious, he has failed to demonstrate that his request to keep his second mattress was denied by an official who acted with deliberate indifference.

To prove deliberate indifference, a plaintiff must "show that the official was subjectively aware of the risk." Farmer, 511 U.S. at 829. A prison official is not liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." Id. at 837.

Here, it is not reasonable to infer that Captain Francis-Allahar acted with a sufficiently culpable state of mind to constitute deliberate indifference. Although Mr. Santiago presented her with his medical permit for a second mattress, there is no evidence that Captain Francis-Allahar was actually aware of the severity of the underlying condition.

First, the medical permit contains no details as to the nature or seriousness of Mr. Santiago's injury. Instead, the permit merely reads "Please allow patient double mattress/pillow for medical reason[.]" (Def. 56.1 St., ¶ 38). As this is the only

6

information contained in the document, and the plaintiff does not allege that he provided more detail, Captain Francis-Allahar could not have been aware of any excessive risk to Mr. Santiago's health or safety. See Waul v. Cunningham, No. 9:05 CV 24, 2009 WL 2405898, at *8, 11 (N.D.N.Y. Aug. 4, 2009) (finding no deliberate indifference by prison official who refused to honor prisoner's vague medical permit).

Further, the staleness of the permit also militates against a finding that Captain Francis-Allahar should have inferred that Mr. Santiago's underlying condition was severe. When Captain Francis-Allahar confiscated the mattress on June 26, 2013, the permit was nearly 10 months old.

Based on the lack of specificity of the permit, coupled with its age, it is unreasonable to conclude that Mr. Santiago's second mattress was removed by an official who was deliberately indifferent to his medical needs.

2. Individual Liability

In order to state a claim of individual liability under § 1983, a "plaintiff must allege sufficient facts to demonstrate the defendants were personally or directly involved in the violation, that is, that there was 'personal participation by one who ha[d] knowledge of the facts that rendered the conduct illegal.'" Harris v. Westchester County Department of Corrections, No. 06 Civ. 2011, 2008 WL 953616, at *9 (S.D.N.Y. April 2, 2008) (alteration in original) (quoting Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001)). Personal involvement

7

in a § 1983 violation may be shown by evidence that: (1) the official participated directly in the violation; (2) the official, after learning of the violation, failed to remedy the wrong; (3) the official created a policy or custom under which unconstitutional practices occurred; (4) the official was grossly negligent in supervising subordinates who caused the unlawful condition or event; or (5) the official exhibited deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring. Morgan v. Ward, No. 14 Civ. 7921, 2016 WL 427913, at *6 (S.D.N.Y. Feb. 2, 2016) (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)); see also Lloyd v. City of New York, 43 F. Supp. 3d 254, 266 (S.D.N.Y. 2014); Ramey v. Perez, No. 13 Civ. 17, 2014 WL 407097, at *4 (S.D.N.Y. Jan. 31, 2014).

Mr. Santiago fails to establish individual liability on the part of Commissioner Ponte. The plaintiff does not provide any facts to establish Commissioner Ponte's knowing and personal involvement in the refusal to honor the permit for a second mattress. Rather, he bases his claim on a "chain-of-command" theory in which he assumes Captain Francis-Allahar was following orders "from the top." (Def. 56.1 St. ¶¶ 67-69). Such a chain-of-command theory is not a permissible basis upon which to premise individual liability. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (citing Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (stating that "proof of 'linkage in the prison chain of command' is insufficient" to establish individual liability)).

8

Conclusion

For the foregoing reasons, I recommend that the defendants' motion for summary judgment be granted. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Paul A. Engelmayer, Room 2201, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 18, 2016

Copies transmitted this date:

Epifanio Santiago
14-A-3547
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051-0999
(via U.S. Mail)

Agnetha Jacob, Esq.
New York City Law Department
100 Church St.
New York, NY 10007
(via ECF)

9